UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVE HARRY GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:09-CV-206 |
| | ) (VARLAN/GUYTON) |
| AMERICA'S COLLECTIBLES NETWORK, INC., | ) |
| d/b/a Jewelry Television, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This civil action is before the Court on Defendants' Motion to Dismiss [Doc. 13], filed by defendants America's Collectibles Network, Inc., d/b/a Jewelry Television, et al. (hereinafter referred to collectively as "Defendants").[1] In the motion to dismiss, Defendants move the Court to dismiss the claims brought by Plaintiff Steven Harry Gordon for failure to state any claim upon which relief can be granted and for insufficient service of process.

---

[1] References in this Order to "Defendants" shall include America's Collectibles Network, Inc., d/b/a Jewelry Television ("ACN") and the following entity defendants: Multimedia Commerce Group, Inc., ACN Financing, Inc., ACN Network, Inc., ACN Leasing, Inc., The Gemstore, Inc. by Jewelry Television, JTV.com Internet Company and BBJ Holdings, and all the named individual defendants except for defendant Kevin Muir ("defendant Muir") and defendant XS Goods, Inc. ("defendant XS Goods"). All of the previously listed Defendants, except for defendant Muir and defendant XS Goods, are represented by the same counsel. Defendant Muir is represented by other counsel and counsel for Defendants submits that he has no knowledge of defendant XS Goods or its relationship to Defendants. Counsel for Defendants also submits that defendant JTV.com Interest Company is erroneously listed as a separate entity [*see* Doc. 13, p. 1 n.1].

Plaintiff has filed a response in opposition [Doc. 25],[2] Defendants have filed a reply [Doc. 27], and Plaintiff has filed a supplemental reply [Doc. 59]  The matter is ripe for determination.

The Court has carefully reviewed the pending motion to dismiss [Doc. 13], the responsive and reply pleadings, and the supporting documents [Docs. 14, 25, 27, 59], all in light of the applicable law.  For the reasons set forth herein, Defendants' Motion to Dismiss [Doc. 13] will be **GRANTED**, and Plaintiff's claims are hereby **DISMISSED** in their entirety.

I. **Relevant Facts**

The facts alleged in Plaintiff's amended complaint are as follows.  On July 12, 2004, Plaintiff began his employment with ACN in the position of internal consultant [Doc. 2, ¶¶ 39-40].  In 2005, Plaintiff alleges that he was diagnosed with cancer and that he informed Greg West ("West"), his boss at ACN, that the cost of his cancer treatment could be quite expensive [*Id.*, ¶¶ 41-42].  In June 2005, Plaintiff alleges that he met with officers of ACN who promised Plaintiff that his "health care costs would be 'taken care of' by ACN as long

---

[2]Plaintiff has attached a declaration by Plaintiff to his response to Defendants' motion to dismiss [*see* Doc. 25-1].  However, when reviewing a motion to dismiss, a court may not consider matters beyond the complaint. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576(6th Cir. 2008).  If the court considers evidence outside the complaint, it effectively converts the motion to dismiss into a motion for summary judgment, which then requires the court to give the parties reasonable opportunity to present all material made pertinent to such a motion by Federal Rule of Civil Procedure 56.  *Winget*, 537 F.3d at 576; *see also Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001).  Thus, because this Court did not convert Defendants' pending motion into a motion for summary judgment, the pending motion remains a motion to dismiss and the Court will not consider and will disregard Plaintiff's declaration, filed as docket entry 25-1.

as necessary." [*Id.*, ¶ 43].³ Plaintiff alleges that in May 2007, following several promotions at ACN, he held the position of vice president, procurement/supply chain, logistics, travel and gemstore (retail store) [*Id.*, ¶¶ 45-46]. On April 12, 2008, Plaintiff alleges that he had another meeting with officers of ACN [*Id.*, ¶ 44]. At the meeting, Plaintiff asserts that "the issue of soaring health costs" was discussed, along with the costs associated with Plaintiff's cancer treatment [*Id.*].

On May 18, 2008, Plaintiff alleges that, without warning, ACN implemented a reduction in force and, as part of that reduction, Plaintiff was told by defendant David Boeschenstein ("defendant Boeschenstein"), an officer of ACN,⁴ that he was being terminated because the company was in the process of "restructuring." [Doc. 2, ¶ 49]. Plaintiff, however, alleges that he was wrongfully terminated because of "cost-containment" measures to "eliminate the high health care costs associated with his cancer." [*Id.*, ¶ 47]. Plaintiff asserts that prior to his wrongful termination, he was a productive and efficient employee and had not received any reprimands or other disciplinary notices [*Id.*, ¶ 48].

Plaintiff alleges that defendant Muir was involved in this wrongful termination because defendant Boeschenstein read, to Plaintiff, a statement adopted from the <u>Employee Termination Guidebook</u>, a book authored by defendant Muir, and because defendant Boeschenstein presented Plaintiff with a severance agreement adopted from the book [Doc.

---

³These officers of ACN are among the defendants sued by Plaintiff, in both their individual and official capacities [*see* Doc. 2].

⁴Defendant Boeschenstein is also an individual defendant in this action [*see* Doc. 2].

2, ¶¶ 50, 51]. Plaintiff also alleges that defendant Muir "conspired with [ACN] as part of a 'consulting function'" and Plaintiff was terminated in accordance with "a plan or scheme in a conspiracy contrived by [ACN] executive management and [defendant Muir] to eliminate 'targeted' employees." [*Id.*, ¶¶ 58-59].[5]

## II.    Defendants' Motion to Dismiss

In his complaint, Plaintiff asserts allegations regarding conspiracy and age-based discrimination claims under the Tennessee Human Rights Act (the "THRA"), T.C.A. §§ 4-21-101, *et seq.* (Count I); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, as amended by the Older Workers Benefit Protection Act (the "ADEA") (Count II); and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Count III) [*see* Doc. 2]. Plaintiff is also seeking class action status pursuant to Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23.

Defendants assert that Plaintiff's claims should be dismissed, in their entirety, against all Defendants because Plaintiff has failed to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Defendants assert that the complaint does not allege the basis elements of a prima facie claim to any of Plaintiff's claims and does not allege any facts with the specificity necessary to survive a motion to dismiss pursuant to Rule 12(b)(6). Defendants also assert that the

---

[5]Plaintiff's allegations as to defendant Boeschenstein are that defendant Boeschenstein read Plaintiff a statement from defendant Muir's book, informed Plaintiff of his termination, and presented Plaintiff with a severance agreement [Doc. 2, ¶¶ 50-52]. Upon the Court's review, only defendant ACN, defendant Boeschenstein, and defendant Muir are named in allegations that arguably allege wrongful conduct.

4

unserved individual defendants should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5).

Plaintiff has represented to the Court that, in light of *Gross v. FBL Financial Servs., Inc.*, — U.S. —, 129 S. Ct. 2434 (2009), a recent decision by the United States Supreme Court pertaining to age-based claims of discrimination under the ADEA, he intends to withdraw, in a yet to be filed amended complaint, his claims for age-based discrimination. [Doc. 59, pp. 1-2]. In accordance with this representation, Plaintiff has not provided any argument, facts, or legal authority regarding his age-based discrimination claims under the THRA and the ADEA [*see* Doc. 25; Doc. 59]. Thus, in light of Plaintiff's representation to the Court and his lack of argument in response to Defendants' motion to dismiss, the Court will deem Count I and Count II, Plaintiff's age-based discrimination claims under the THRA and the ADEA, withdrawn and the Court will not address these claims any further.

Plaintiff has also represented to the Court that he intends to change his theory of liability of conspiracy between defendant Muir, ACN, and the other defendants, to an alternate theory of aiding and abetting the breach of fiduciary duty by Defendants [Doc. 59, pp. 1-2]. However, as Plaintiff has neither filed a second amended complaint nor a motion to amend his amended complaint, the Court need not entertain this assertion and will consider

5

Plaintiff's claims as filed in his amended complaint.[6] Thus, this leaves for the Court's consideration the following allegations by Plaintiff: allegations of a conspiracy; Plaintiff's claim under ERISA (Count III); and Plaintiff's request for class action status pursuant to Federal Rule of Civil Procedure 23.

**III. Analysis**

**A. Standard of Review**

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his or her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic

---

[6]Plaintiff repeats several times his intention to amend his amended complaint. However, Plaintiff has never acted on this intention. "'[A] bare request in an opposition to a motion to dismiss –without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion [to amend] within the contemplation of Rule 15(a)." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (quotations and citation omitted). Further, "[p]laintiffs are [not] entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *PR Diamonds*, 364 F.3d at 699 (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) (emphasis in *Begala* omitted)).

recitation of the elements of a case of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Further, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

In *Ashcroft v. Iqbal*, — U.S.— , —, 129 S.Ct. 1937, 1949 (2009), the United States Supreme Court reaffirmed its prior holding in *Twombly* and stated that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The Supreme Court then proceeded to explain the two principles underlying these statements:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50 (citations omitted). Accordingly when a complaint states no more than conclusions, such "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 1950; *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir.

7

2009) (stating that the standard for a motion to dismiss is to screen out cases that "while not utterly impossible, are 'implausible'").

   B.   **Plaintiff's Conspiracy Allegations**

Defendants argue that Plaintiff has failed to establish a conspiracy claim under 42 U.S.C. § 1985(3). The complaint contains allegations regarding a conspiracy between ACN, ACN's executive management, and defendant Muir [Doc. 2, ¶¶ 34, 58, 59]. Plaintiff asserts that this alleged conspiracy was to deny Plaintiff and others similarly situated of their civil rights [*Id.*]. Besides ACN and ACN's executive management, defendant Muir is the only individual defendant named in Plaintiff's conspiracy allegations [*see id.*]. Specifically, Plaintiff alleges that defendant Muir, whom Plaintiff alleges is a defendant pursuant to 42 U.S.C. § 1985(3), conspired with ACN as part of a "consulting function" and that Plaintiff was terminated in accordance with a "plan or scheme in a conspiracy contrived by [ACN] executive management and [defendant Muir.]" [*Id.*, ¶¶ 34, 59-60].

To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must establish: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v Hills & Dale Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). A plaintiff must also show that the conspiracy was motivated by a class-based discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

As to the first requirement, the only individual defendant that Plaintiff has alleged engaged in the alleged conspiracy is defendant Muir. As to the second and fourth requirements, Plaintiff has not alleged that any of the Defendants purposefully deprived, either directly or indirectly, Plaintiff of the equal protection of the laws or a right or privilege of citizenship. The third element presents a closer question because Plaintiff has arguably alleged acts in furtherance of the conspiracy in that Plaintiff has alleged that defendant Boeschenstein, an officer of ACN, read to him a statement taken from defendant Muir's book and presented him with a severance agreement adopted from defendant Muir's book [Doc. 2, ¶¶ 50-51]. However, given Plaintiff's failure to plead the remaining elements, or allege facts sufficient to indicate the existence of such elements, this one factual allegation cannot save Plaintiff's claim of a conspiracy pursuant to 42 U.S.C. § 1985(3). Accordingly, Plaintiff's allegation that Defendants engaged in a conspiracy in violation of 43 U.S.C. § 1985(3) with defendant Muir is hereby dismissed.

### C. Plaintiff's ERISA Claim

Plaintiff has also alleged a violation of § 510 ERISA. *See* 29 U.S.C. § 1140. This section provides that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 506 (6th Cir. 2004). Thus, ERISA prohibits employers from retaliating against an employee who avails himself or herself of an ERISA right and prohibits employers from interfering with an employee's attainment of an ERISA right. *Id.*; *see* 29 U.S.C. § 1140.

In order to establish a prima facie claim under § 510 of ERISA, a plaintiff must show the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled. *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009) (quoting *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997)). In proving the causation prong of the prima face claim, a plaintiff must show that the employer had the specific intent to violate ERISA when it took the employment action that adversely affected the plaintiff. *Ameritech*, 129 F.3d at 865; *see also Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 628 (6th Cir. 2008). In other words, "a motivating factor in the defendant's action was the purpose of interfering with the plaintiff's entitlement to benefits" under ERISA. *Abbot v. Pipefitters Lcoal Union No. 522 Hosp., Medical, & Life Ben. Plan*, 94 F.3d 236, 242 (6th Cir. 1996).

As an initial matter, the Court notes that the individual defendants named by Plaintiff in the complaint cannot, based on the factual allegations in the complaint, be liable for a violation of § 510 of ERISA. Plaintiff has alleged the blanket assertion that "Defendants[,]" presumably all entity and individual defendants, are "employers" within the meaning of ERISA [Doc. 2, ¶ 82]. However, the Sixth Circuit has stated that the ERISA definition of "employer," like the definitions of "employer" in Title VII and the ADEA, was "intended to

impose respondeat superior liability on employers, not to hold those acting on behalf of employees personally liable." *McDowell v. Krawchison*, 125 F.3d 954, 961-62 (6th Cir. 1997) (stating that while an individual defendant could be considered an employer in his actions regarding the plaintiff's health plan, this does not justify the imposition of individual liability). A broader definition of "employer," would "allow a court to hold an individual employee who merely processes health insurance questions . . . personally liable for a plaintiff's medical costs . . . Congress most likely did not intend such a result." *McDowell*, 125 F.3d at 962. Thus, none of the individual defendants sued by Plaintiff may be held liable for Plaintiff's ERISA claim.

Having determined that the individual defendants are not liable for Plaintiff's ERISA claim, the Court now turns towards whether Plaintiff has stated a claim under ERISA for which ACN and the other entity defendants may be liable. Plaintiff has alleged that he was a participant in an ERISA health benefits plan with ACN, that ACN was an employer for purposes of ERISA, and that Plaintiff was covered under ACN's plan and entitled to receive benefits [Doc. 2, ¶¶ 80-84]. Plaintiff also alleges that Defendants "willfully and intentionally terminated the Plaintiff in order to avoid anticipated health care expenses" because of Plaintiff's cancer, and terminated Plaintiff "for the purpose of interfering with his protected rights to receive ERISA benefits . . . ." [*Id.*, ¶¶ 54, 85-86]. Plaintiff alleges that the denial of his rights and benefits was "arbitrary and capricious, unreasonable, discriminatory, and not made in good faith[,]" and that his termination was part of a "'scheme' to eliminate

individuals that would potentially increase health care and workers' compensation premiums." [*Id.*, ¶¶ 54-55, 87].

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for his ERISA claim because the claim and related allegations do not meet the pleading standard articulated by the Supreme Court in *Twombly* and reiterated in *Iqbal*. *See Iqbal*, 129 S. Ct. 1937; *Twombly*, 200 U.S. 321. Echoing *Twombly*, the Sixth Circuit stated in an ERISA case that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies*, 520 F. 3d 516, 519 (6th Cir. 2008). To state a claim under § 510 of ERISA, Plaintiff must allege both prohibited conduct and that the conduct was engaged in with the specific intent of violating ERISA. *See Helfrich v. Metal Container Corp.,*, No. C2-00-1339, 2001 WL 605073, at *3 (S.D. Ohio May 15, 2001) (dismissing plaintiff's ERISA § 510 claim). According to Defendants, Plaintiff has not provided any "plausible ground" from which to infer that his discharge was motivated by a specific intent to interfere with Plaintiff's attainment of future benefits under ERISA.

Plaintiff has responded that he has asserted the prima facie elements of an ERISA claim pursuant to the requirements of Federal Rule of Civil Procedure 8 and he is not required to mechanically plead a prima facie case of discrimination [Doc. 25, p. 4]. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also* Fed. R. Civ. P. 8. The Court recognizes that the pleading requirements of Rule 8 are not stringent and require only

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as stated in *Iqbal*, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949.

The Court agrees with Defendants that the factual allegations in the amended complaint are legal conclusions masquerading as factual allegations. Plaintiff has alleged little more than the elements of a claim under § 501 of ERISA. Most significantly, Plaintiff has not alleged, other than in a conclusory fashion, that Defendants engaged in the allegedly prohibited conduct with the specific intent to violate ERISA. Such an allegation is required to state a claim under ERISA. *See Helfrich*, 2001 WL 605073, at *3 (citing *Roush v. Weastec, Inc.*, 96 F.3d 840, 845 (6th Cir. 1996)). While Plaintiff is correct that he is not required to establish a prima facie case at the pleading stage, he must however set forth grounds showing his entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2). As the Sixth Circuit has stated, a § 501 plaintiff must establish that his employer "had the specific intent of avoiding ERISA liability when it discharged him. Otherwise, every employee discharged by a company with an ERISA plan would have a claim under § 510." *Bingaman v. Procter & Gamble Co.*, No. 04-3584, 2005 WL 1579703, at *8 (6th Cir. July 6, 2005); *see also Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 452 (6th Cir. 1999). Plaintiff has not alleged such a specific intent on the part of Defendants.

To the extent Plaintiff has attempted to state a claim for a violation of fiduciary standards of care under ERISA, Plaintiff has also failed to show that he is entitled to relief.[7] ERISA provides that plan fiduciaries have certain obligations to participants in a plan. Section 1104 of ERISA outlines the duties of a fiduciary under ERISA. 29 U.S.C. § 1104(a)(1). In his complaint, Plaintiff alleges that unidentified fiduciaries: (a) breached their duty of loyalty; (b) breached their duty of prudence; and (c) breached their duty to follow the health care plan documents [Doc. 2, ¶ 91]. A review of the relevant statute and case law indicates that such duties are clearly the duties of fiduciaries under ERISA. *See* 29 U.S.C. § 1104(a)(1); *Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154, 1162-63 (6th Cir. 1988) (stating that the fiduciary requirements imposed under ERISA have three components, the duty of loyalty, the "prudent man" fiduciary obligation, and the duty to act for the exclusive purpose of providing benefits to the beneficiaries). However, as stated above, the allegations contained in a complaint must be more then merely articulating the elements and duties that make up a claim. Plaintiff has not identified which entity or individual defendant(s) are the fiduciaries in regard to his claim, and Plaintiff not made any factual allegations as to how these fiduciary duties were allegedly breached. As such, Plaintiff has also failed to state a claim under ERISA for breach of fiduciary duties.

---

[7]Plaintiff has not cited this statutory provision in his complaint but avers that unidentified fiduciaries of the ERISA plan breached their fiduciary duty to the participants in the plan [Doc. 2, ¶ 91].

### E. Class Action Status

Finally, Defendants argue that Plaintiff's request for class action status fails to allege any factual allegations to support his assertion that a class should be certified. Plaintiff alleges that he is part of a class defined as "all former [ACN] employees over the age of 40 who were terminated on May 16, 2008 due to their age and for the purposes of depriving them of continuing eligibility for their welfare benefits, including medical and health insurance." [Doc. 2, ¶ 92]. Plaintiff contends that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied and that "prosecution of separate actions by or against individual members of the class would create a risk of inconsistent . . . adjudications" and "questions of law or fact common to all members of the class predominate over any questions affecting only individual members[.]" [*Id.*, ¶¶ 94-95].

"In order to obtain class certification, [a] plaintiff must first satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). The party seeking class certification bears the burden of proof in this regard. *See, e.g., Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005).

Here, Plaintiff has failed to carry this burden. Plaintiff has arguably satisfied the first part of the numerosity requirement, which requires a plaintiff to plead "the existence of a class . . . ." *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (quotations and citations

omitted). Plaintiff has stated the existence of a class—employees who were terminated over the age of 40 for the purpose of depriving them of benefits—but Plaintiff has failed to allege the number of individuals, their ages, the circumstances of their termination, or any part of an ERISA claim in regard to this class of individuals. The Court therefore concludes that Plaintiff has failed to satisfy the second part of the numerosity requirement, that "the limits of the class must be defined with some specificity." *Newsom*, 888 F.2d at 381. Further, given the Court's determinations that Plaintiff has failed to state a prima facie ERISA claim and failed to plead sufficient factual allegations regarding any of his other claims, Plaintiff cannot satisfy the three remaining requirements of class action status. Further, the only factual assertions relating to the termination of other employees are Plaintiff's allegation that "[u]pon information and belief, the Plaintiff, and all other individuals that were terminated as part of the RIF of May 16, 2008, were given a similar severance agreement []" [*see* Doc. 2, ¶ 52], and that these individuals were terminated in accordance with a plan or scheme contrived by Defendants [*Id.*, ¶¶ 55-59]. These allegations of interrelatedness, especially when considered with the lack of other factual assertions regarding Plaintiff's ERISA claim, do not provide a basis for the Court to find that the requirements of class certification have been met.

## IV. Conclusion

Accordingly, and for the reasons stated herein, Defendants' Motion to Dismiss [Doc. 16] is hereby **GRANTED** and Plaintiff's claims are hereby **DISMISSED** in their entirety. The Clerk of Court is **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
