UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEVE HARRY GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-206 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| AMERICA'S COLLECTIBLES NETWORK, | ) | |
| INC., d/b/a Jewelry Television, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on plaintiff Steve Harry Gordon's Consolidated Motion to Vacate Alter or Amend [Doc. 72]. Defendants[1] have responded in opposition [Doc. 73]. Plaintiff has not filed a reply and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. For the reasons set forth herein, the motion will be denied.

**I.      Relevant Facts**

As an initial matter, the Court notes that this case is no longer consolidated with the case of *Hughes v. America's Collectibles Network, Inc., et al. ("Hughes")*, 3:09-CV-176, and the case of *Jacob Snir v. America's Collectibles Network, et al. ("Snir")*, 3:09-CV-298 [*see* Doc. 74]. Thus, the Court will only address the arguments in the motion as such arguments

---

[1] "Defendants" refers collectively to defendants America's Collectibles Network, Inc. d/b/a Jewelry Television, Multimedia Commerce Group, Inc., ACN Financing, Inc., ACN Network, Inc., ACN Leasing, Inc., The Gemstore, Inc. by Jewelry Television, JTV.com Internet Company and BBJ Holdings, Inc. and all the named individuals except for Kevin Muir.

pertain to this case and this plaintiff. The Court will not address plaintiff's arguments insofar as such arguments pertain to the *Hughes* case or the *Snir* case, as those cases are no longer consolidated with this case and because the Court's order dismissing the *Hughes* case has no relation to and did not discuss or rely on this case in any way and the Court's order dismissing this case has no relation to and did not discuss or rely, in any way, on the *Snir* case.

On May 11, 2009, plaintiff initiated this case by filing the complaint alleging various age discrimination in employment claims, a claim under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and a request for class action certification [*see* Doc. 1]. On June 26, 2009, defendant Kevin Muir ("defendant Muir") filed a motion to dismiss, or, alternatively, for summary judgment [Doc. 5], asserting that he should be dismissed for lack of personal jurisdiction. Plaintiff responded in opposition [Doc. 7] and also filed a supplemental response [Doc. 16]. Defendant Muir filed a response to plaintiff's supplemental response [Doc. 20]. On July 31, 2009, Defendants filed a motion to dismiss [Doc. 13] for failure to state a claim and insufficiency of process, asserting that the complaint should be dismissed due to various deficiencies. Plaintiff responded in opposition [Doc. 25]; Defendants filed a reply [Doc. 27]; and plaintiff filed a supplemental response in opposition [Doc. 59].

On December 14, 2009, the Court ordered that this case be consolidated [Doc. 14] with the *Hughes* case and the *Snir* case for purposes of discovery and other pretrial proceedings only. At the time of the Court's consolidation order, this case had several pending motions

to dismiss, as described above, as did the *Hughes* case. Because this case and the *Hughes* case contained dispositive motions, following the entry of the Court's consolidation order but before these cases progressed further, the Court endeavored to resolve the pending motions in this case and in the *Hughes* case. Because the *Snir* case had no pending motions at the time of consolidation, no orders entered in this case or the *Hughes* case were intended to apply to *Snir*. On March 8, 2009, the Court granted defendant Muir's motion to dismiss for lack of jurisdiction [Doc. 66], dismissing defendant Muir from this case. Also on March 8, 2009, the Court granted Defendant's motion to dismiss for failure to state a claim [Doc. 70; Doc. 71], thereby dismissing plaintiff's claims against Defendants and closing this case.

On April 12, 2010, plaintiff filed the motion to vacate alter or amend [Doc. 72], pursuant to Federal Rule of Civil Procedure 59, asserting that the Court committed prejudicial error in failing to enter a scheduling order in this case and because the Court failed to state its grounds for dismissal. Defendants have filed a response in opposition [Doc. 73], asserting that plaintiff's motion is untimely and plaintiff has failed to allege grounds for the requested relief.

**II.    Analysis**

As an initial matter, the Court notes that plaintiff's motion, brought pursuant to Rule 59 of the Federal Rules of Civil Procedure, is untimely. *See* Fed. R. Civ. P. 59. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed the motion on April 12,

3

2010. The Court's order dismissing this case was entered on March 8, 2010. Thus, plaintiff filed the motion more than 28 days from the Court's entry of judgment.

Even if the motion had been timely, plaintiff has not stated sufficient grounds by which the Court finds reason to alter or amend its judgment. Motions to alter or amend a judgment under Rule 59(e) may be granted when one of the following circumstances exist: a clear error of law; newly discovered evidence; an intervening change in controlling law; or to prevent manifest injustice. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Plaintiff has not asserted that any one of these circumstances exist and has not pointed to any alleged error in the Court's memorandum opinion explaining the Court's reasoning for dismissing this case. Plaintiff has also asserted that "the Court failed to state its grounds for dismissal" of this case [Doc. 72, p. 1]. The Court is puzzled by this assertion as the Court's seventeen (17) page memorandum opinion and accompanying order dismissing this case considered, at length, the allegations of plaintiff's complaint and also gave grounds for the Court's dismissal [*see* Doc. 70; Doc. 71].

In the motion to vacate alter or amend, plaintiff asserts that he properly plead a *prima facie* claim under Section 510 of ERISA, 29 U.S.C. § 1140, having asserted the required elements of "1) prohibited employer conduct; 2) taken for the purpose of interfering; 3) with the attainment of any right to which the employee may become entitled under the plan or ERISA." [Doc. 72-1, p. 3]. Plaintiff has correctly articulated the elements of a *prima facie* claim for a violation of Section 510 of ERISA. However, plaintiff has overlooked the requirement that in proving the causation element of a *prima facie* claim in the absence of

4

direct evidence, a plaintiff must also show that the employer had the specific intent to violate ERISA when it took the employment action that adversely affected the plaintiff. *See Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997); *see also Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 628 (6th Cir. 2008). Plaintiff's failure to satisfy this causal connection element was thoroughly discussed in the Court's memorandum opinion dismissing this case [Doc. 70, pp. 9-14]. Plaintiff has not stated any facts or law in the motion that would cause the Court to reconsider its prior analysis.

Plaintiff also asserts that he has established all four elements to institute a class action under Rule 23 of the Federal Rules of Civil Procedure. While plaintiff has correctly named the prerequisites required to establish a class action—numerosity, commonality, typicality, and adequacy of representation—plaintiff has failed to address the grounds on which the Court determined plaintiff had not established the burden of proving class action certification. *See* Fed. R. Civ. P. 23. Plaintiff arguably satisfied the first part of the numerosity prerequisite, which requires a plaintiff to plead the existence of a class. However, plaintiff failed to satisfy the second part of the numerosity prerequisite, that the "limits of the class must be defined with some specificity." *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (quotations and citations omitted). In the complaint, plaintiff only made conclusory allegations of interrelatedness regarding the alleged class of approximately two-hundred and thirty (230) potential plaintiffs. For instance, the Court found that plaintiff's allegation, "[u]pon information and belief, the Plaintiff, and all other individuals that were terminated as part of the RIF on May 16, 2008, were given a similar severance agreement []" [*see* Doc. 2, ¶ 52] and

5

were terminated in accordance with a plan or scheme contrived by Defendants, was insufficient to satisfy plaintiff's burden of proving the prerequisites to class action certification.

As to the commonality and typicality prerequisites of class action certification, plaintiff submits that because Defendants moved to consolidate this case, they have conceded on these issues [Doc. 72-1, p. 4]. The Court disagrees. Moving to consolidate cases for discovery and pre-trial purposes encompasses a very different inquiry than a class action certification inquiry. Rule 42(a) of the Federal Rules of Civil Procedure, the rule pertaining to consolidation, provides that a court may order consolidation if the cases involve "a common question of law or fact[.]" Fed. R. Civ. P. 42(a). Rule 23 of the Federal Rules of Civil Procedure, the rule pertaining to class action certification, is a more encompassing inquiry, involving scrutiny of whether a plaintiff has established the four prerequisites stated above, of which "questions of law or fact common to the class[]" is only one of the four. Thus, these two inquiries are not the same and moving for one does not imply that the other would also be proper. Moreover, Defendants' motion to consolidate this case with the *Hughes* and the *Snir* case dealt with the issues pertaining to two other specific plaintiffs whose claims were already the subject of individual lawsuits, not the two hundred and thirty (230) potential plaintiffs alleged in plaintiff's request to certify a class action. Given this, the Court cannot conclude that plaintiff satisfied his burden of proving all four prerequisites necessary for class action certification.

Plaintiff also asserts that a scheduling order was never entered in this case and the Court never established a date by which dispositive motions were to be filed. However, the fact that this case had no scheduling order at the time it was dismissed is not prejudicial because a scheduling order only establishes the last date by which dispositive motions *can* be filed. The Court dismissed this case pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. This motion to dismiss was filed and fully briefed prior to the Court's order consolidating this case. A Rule 12(b)(6) motion, and the Court's ruling on such a motion, are appropriate responses to a complaint, whether or not a scheduling order has ever been entered.

### III. Conclusion

Accordingly, because the motion was untimely, because plaintiff has not asserted, alleged, or argued that any one of the circumstances for granting a Rule 59(e) motion to alter or amend judgment exist in this case, and because the Court has found none, the Court finds plaintiff's Consolidated Motion to Vacate Alter or Amend [Doc. 72] not well taken and it is hereby **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE